**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Albert Brogdon, | No. CV 11-1675-PHX-RCB (MEA) |
| Plaintiff, | |
| vs. | **ORDER** |
| Phoenix Police Department, et al., | |
| Defendants. | |

Plaintiff brought this is civil rights case against the City of Phoenix Police Department and various officers alleging excessive force and other claims arising from his arrest on March 18, 2011. (Doc. 1.) Defendants move to dismiss the First Amended Complaint on the ground that Plaintiff did not receive permission from the Court to file a First Amended Complaint. (Doc. 19, ref. Doc. 11.)

The Court will deny the motion and direct service of the First Amended Complaint on the City of Phoenix.

**I.   Background**

Plaintiff filed his original complaint in August 2011. (Doc. 1.) On October 7, 2011, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A(a) and directed Mancha to answer the claim that he used excessive force and Torres to answer the claim that he failed to intercede and encouraged the excessive force. (Doc. 7.)  The Court dismissed the

1 remaining claims and Defendants. (Id.) The Court gave Plaintiff 21 days from the date of
2 the order to return the service packets and granted Plaintiff's request for two court-approved
3 forms for filing amended complaints. (Id.)

4 On November 28, 2011, Plaintiff filed an amended Complaint. (Doc. 11.) On
5 December 27, 2011, the Court gave Plaintiff until January 20, 2012, to return the service
6 packets for Mancha and Torres. (Doc. 13.) The service packets were returned on January
7 6, and on January 20, the Clerk of Court forwarded the summonses, notice, amended
8 complaint, and orders to the United States Marshal Service. (Doc. 14.) Mancha returned the
9 waiver of service on February 3 and Torres returned his waiver of service on February 7.
10 (Docs. 15, 17.)

11 Defendants now move to dismiss the First Amended Complaint because Plaintiff did
12 not obtain permission from the Court or Defendants to file it. (Doc. 19.)

13 **II.   Motion to Dismiss**
14     **A.   Legal Standards**
15 The Federal Rules of Civil Procedure provide that a party

16 may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is
17 required, 21 days after service of a responsive pleading or 21 days after service a motion under Rule 12(b), (e), or (f), whichever is earlier.
18

19 Fed. R Civ. P. 15(a)(1). In all other cases a party must either obtain written consent from the
20 opposing party or leave of court, which is to be freely granted. Fed. R Civ. P. 15(a)(2).

21     **B.   Parties' Contentions**

22 Defendants argue that the First Amended Complaint was lodged before Defendants
23 were served and that Plaintiff failed to serve Defendant the original complaint. (Doc. 19 at
24 3.) They contend that Plaintiff required either their consent or the Court's permission before
25 he could amend the Complaint and so the First Amended Complaint should be dismissed.
26 (Id.) They point out that the First Amended Complaint has not been screened. (Id. at 2.)

27 Plaintiff opposes the motion, asserting that he believed that when the Court granted
28 his request for additional forms to file an amended complaint, he had been granted

- 2 -

permission to amend. (Doc. 21 at 1.) He argues that Defendants are asserting a procedural rule with which he was unfamiliar and that he had no way to obtain Defendants' permission to file an amended complaint because they had not been served and had no counsel. (Id. at 3.) Defendants reply that Plaintiff is required to familiarize himself with the rules of civil procedure and specifically those rules regarding proper amendment of pleadings. (Doc. 23 at 2-3.)

### C. Analysis

The Court will deny the motion to dismiss the First Amended Complaint but will screen the First Amended Complaint pursuant to 28 U.S.C. § 1915A(a).

Defendants essentially argue that Plaintiff could not amend his complaint *before* a complaint was served on them. They cite to no case law so interpreting Federal Rule of Civil Procedure 15(a). Rule 15(a) appears to apply to amendments *after* service of a complaint, which would be the usual sequence of events. Here, no complaint had been served at the time of service of the First Amended Complaint. The Court notes that the First Amended Complaint was not, in fact, lodged by the Clerk of Court; it was filed. And it was the Court that forwarded the First Amended Complaint to the United States Marshal Service for service of process, not Plaintiff.

## III. Screening the First Amended Complaint

### A. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

- 3 -

unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951. But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

### B. First Amended Complaint

In Count I, Plaintiff asserts that on March 18, 2011, Defendant Mancha used force against Plaintiff and his cousin, which injured Plaintiff by cutting his mouth and scratching his cornea. (Doc. 11.) At the time, Plaintiff was unarmed and "did not make any threatening gesture towards" Mancha and had his hands on his head when Mancha approached because Plaintiff had seen Mancha assault Plaintiff's cousin. In Count II, Plaintiff alleged that Torres watched as Mancha used force against Plaintiff without intervening, and Torres verbally encouraged Mancha and Torres verbally harassed and threatened Plaintiff for bleeding on him and his car. In Count III, Plaintiff alleged that he was assaulted due to improper training by the City of Phoenix. (Id.)

As the Court noted in its first screening Order, allegations of harassment do not state

- 4 -

a constitutional violation; therefore, claims of verbal harassment by Torres will be dismissed. (See Doc. 7 at 5.) The remaining allegations adequately state claims against Mancha, Torres, and the City of Phoenix. The Court will direct these Defendants to respond to the First Amended Complaint.

**IV.    Heck v. Humphrey**

It appears from the record in this case that Plaintiff was prosecuted for and convicted of several felonies, including aggravated assault and unlawful flight from law enforcement, and that these convictions were related to the events and arrest on March 18, 2011. (Doc. 7 at 3.) As such, Plaintiff's claims of excessive force may be barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). To recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-87. If the plaintiff's conviction or sentence arises out of the same facts that underlie the alleged unlawful behavior for which damages are sought, the § 1983 suit must be dismissed. Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996); see also Cunningham v. Gates, 312 F.3d 1148, 1155 (9th Cir. 2002).

The Court cannot determine on the face of the First Amended Complaint whether the claims are barred by Heck. This determination must await a motion for summary judgment.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendants' Motion to Dismiss the First Amended Complaint (Doc. 19.)

(2) Defendants' Motion to Dismiss the First Amended Complaint (Doc. 19) is **denied**.

(3) Count II (in part) of the First Amended Complaint is dismissed.

(4) Defendants Mancha, Torres, and the City of Phoenix must answer the First Amended Complaint.

(5) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 11), this Order, and both summons and request for waiver forms

for Defendant City of Phoenix.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendant City of Phoenix of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil

Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

DATED this 11th day of May, 2012.

_____
Robert C. Broomfield
Senior United States District Judge